UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-23494-CIV-HUCK/O'SULLIVAN

OLEM SHOE CORP.,

    Plaintiff,

v.

WASHINGTON SHOE CO.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

This case is before the Court on renewed motions by Plaintiff Olem Shoe Corp. to dismiss Defendant Washington Shoe Co.'s amended counterclaims (Docs. 24 & 28). The Court has considered the motions, the amended answer and counterclaims, the parties' memoranda, and is otherwise duly advises in the premises.

This case is about two designs for womens' boots, "ditsy dots" and "zebra supreme." As the names suggest, ditsy dots boots are polka-dotted and zebra supreme boots have a patterned design like the zebra's black and white striped skin. After Washington Shoe sent Olem Shoe cease-and-desist letters, demanding, among other things, that Olem stop selling its "knock-off" ditsy dots and zebra supreme boots, Olem Shoe brought this action against Washington Shoe for a declaratory judgment that it is not infringing on Washington Shoe's intellectual property. Thereafter, Washington shoe answered and counterclaimed that Olem Shoe committed copyright and trade dress infringement, and engaged in unfair competition under the laws of the State of Washington. Olem Shoe filed this motion to dismiss the copyright and trade dress claims.

Olem Shoe argues that copyright protection is limited to the two dimensional drawings filed with the copyright office, which Olem has not reproduced, but does not extend to three-dimensional products such as boots. Olem relies on a line of cases following *Russell v. Trimfit, Inc.*, 428 F. Supp. 91 (E.D. Pa. 1997), which refuse to extend copyright protection to three-dimensional clothing items depicted in two-dimensional designs. In *Russell*, the court found that a picture of a dress filed with the copyright office did not establish copyright protection for the dress itself. Washington Shoe, however, argues that its copyright claim is valid under *Peter Pan*

1

*Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d Cir. 1960), which held that an ornamental design on fabric was entitled to copyright protection. In an unpublished opinion, the Sixth Circuit aptly harmonized these two lines of cases, explaining that copyright protection does not extend to the utilitarian functions of clothing, but protects purely aesthetic features that may appear on such clothing, such as the designs at issue here. *See Winfield Collection, Ltd. v. Gemmy Indus., Corp.*, 147 Fed. Appx. 547, 550-51 (6th Cir. 2005). Washington Shoe's copyright claim is not based on the utilitarian functions of the boots but on the patterned designs on the face of the boots. These designs may have aesthetic—but not utilitarian—value and are therefore eligible for copyright protection.

Olem Shoe also moves to dismiss Washington Shoe's trade dress claim. As an initial matter, the parties disagree on whether a trade dress claim must allege either inherent distinctiveness or second meaning, or whether secondary meaning alone is sufficient. Inherent distinctiveness exists when the "intrinsic nature [of a trade dress] serves to identify a particular source of a product." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) Secondary meaning exists when "the primary significance of a [trade dress] is to identify the source of the product rather than the product itself." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 211 (2000) (quoting *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851, n.11 (1982)). In the case of a "product design trade dress," which refers to the design of a product rather than its packaging, *Wal-Mart Stores* held that a trade dress is protectible only on a showing of secondary meaning, because the design will invariably serve purposes other than source identification. 529 U.S. at 213, 216. Ditsy dots and zebra supreme boots are unquestionably examples of product design trade dress; it is the designs on the boots themselves, not their packaging, which are at issue. The law therefore requires that Washington Shoe allege a secondary meaning.

Washington Shoe claims that it has pled a secondary meaning because it alleges that ditsy dots have been a great commercial success. This allegation falls short of alleging a secondary meaning because it fails to show that the public associates these designs with Washington Shoe. Washington Shoe cites no cases holding that this allegation is adequate to establish secondary meaning. Nor does Washington Shoe allege any other facts tending to show that the ditsy dots and zebra supreme designs have a source-identifying meaning in the minds of the public. As such, the amended answer fails to state a claim for trade dress infringement.

Accordingly, the Court hereby GRANTS IN PART AND DENIES IN PART Olem Shoe's motion to dismiss. Count II of the amended answer and counterclaim for trade dress infringement is dismissed without prejudice. Washington Shoe may file a second amended answer on or before April 16, 2010.

DONE AND ORDERED in Chambers, at Miami, Florida, April 2, 2010.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record