UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23494-CIV-HUCK/O'SULLIVAN

OLEM SHOE CORP.,

    Plaintiff,

v.

WASHINGTON SHOE CO.,

    Defendant.

_____/

## ORDER ON OBJECTIONS TO MAGISTRATE'S ORDER

This matter is before the Court on Washington Shoe Company's Objections and Appeal of Magistrate's Orders (Doc. #115), filed July 1, 2010.

Olem Shoe filed a motion (Doc. #88) asking the Court to commission Dongfang Liu, an attorney in China, to take the deposition upon written questions of Su Yuan, a citizen and resident of China. Magistrate Judge John O'Sullivan granted Olem Shoe's motion (Doc. #109) and ordered the Clerk of this Court to issue a commission to Dongfang Liu for the taking of the deposition upon written questions of Su Yuan (Doc. #110).

Washington Shoe has objected to Judge O'Sullivan's Orders, arguing primarily that it is illegal to take the deposition of a witness in China. Washington Shoe relies on a flyer published by the U.S. Department of State. *See, e.g.*, U.S. Department of State, China Judicial Assistance, http://travel.state.gov/law/judicial/judicial_694.html (last visited July 6, 2010) ("China does not recognize the right of persons to take depositions, and any effort to do so could result in the detention and/or arrest of U.S. citizen participants.").

The Department of State flyer is not entirely clear as to whether China prohibits anyone (including Chinese attorneys) from taking voluntary depositions without permission, or if it only prohibits foreigners from doing so. For instance, the flyer states that "Chinese authorities do not recognize the authority or ability of *foreign persons, such as American attorneys*, to take voluntary depositions of willing witnesses." *Id.* (emphasis added). This could be read to imply that Chinese attorneys such as Dongfang Liu may take voluntary depositions of willing witnesses. Even if it is generally illegal for Chinese attorneys to take voluntary depositions, the

Department of State flyer indicates that it may be possible, through the use of a letter rogatory, to obtain permission from Chinese authorities to conduct a deposition in this situation.  *See, e.g.*, *id.* ("In diplomatic note No. 106 dated November 6, 1981, the Chinese Ministry of Foreign Affairs advised the U.S. Embassy that if a court of the United States requests the depositions of witnesses resident in the People's Republic of China, it is necessary to submit a letter rogatory through the diplomatic channel.").

Accordingly, Washington Shoe's objections to Judge O'Sullivan's Orders are OVERRULED.  However, the parties are ordered to take all appropriate steps to comply with any applicable Chinese law in taking the deposition upon written questions of Su Yuan.

DONE and ORDERED in Chambers, Miami, Florida, July 6, 2010.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge John O'Sullivan
All Counsel of Record