UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23494-cv-Huck/O'Sullivan

Olem Shoe Corp.,
a Florida corporation,

    Plaintiff,

vs.

Washington Shoe Co.,
a Washington corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT ON DEFENDANT'S COUNTERCLAIM COUNT I FOR COPYRIGHT INFRINGEMENT**

Plaintiff and Counter Defendant, Olem Shoe Corp. (hereinafter "Olem") by its undersigned attorneys, and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 7.5, respectfully move this Court for the entry of summary judgment in its favor and against Defendant and Counter Plaintiff, Washington Shoe Co. ("Washington"), on count I for copyright infringement of the so-called "ditsy dots" work as claimed in copyright certificate No. VAu 756-950 asserted in its Second Amended Counter-Claim [D.E. 54].

As shown below, Olem's motion should be granted, as a matter of law, on the ground that Washington is not the author or claimant for the "ditsy dots" work as a "work made for hire" because the creator, Ms. Jessica Stetson, was <u>not</u> an employee of Washington when the work was created.

-1-

**PRELIMINARY STATEMENT**

The present motion for partial summary judgment is directed to Washington's alleged copyright rights for the "ditsy dots" patterned design,[1] as evidenced in exhibit "6" [D.E. 79-2] in Salonga's declaration [D.E. 79-1].  In paragraph four of Salonga's declaration, Washington identifies Ms. Jessica Stetson as the creator of the "ditsy dots" patterned design.  Attached to Salonga's declaration is a screen shot showing several computer files.   The "ditsydotspattern.pdf" file has a May 9, 2010 date and is identified as exhibit "5". [D.E. 79-2].  For the purposes of this motion, these facts alleged by Washington are taken to be true and correct.

**THE LEGAL STANDARD**

Summary judgment is proper if the record before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note). In *Celotex Corp. v. Catrett, 477* U.S. 317 (1986), the Court held that summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is `entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  477 U.S. at 322-23.

To prevail, the moving party must do one of two things: (1) show that the nonmoving party has no evidence to support its case, or (2) present " affirmative evidence demonstrating that the

---

[1]  Washington's claimed copyright rights in Reg. No. VAu 756-950 are based on a 2-dimensional artwork, according to its theory, even though Washington did not deposit a copy of its "unpublished" 2-dimensional artwork.  If Washington is not the author or claimant under the "work made for hire" provisions of the Act, then the copyright registration is clearly invalid.

nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Property,* 941 F .2d 1428, 1437-38 (11th Cir. 1991) (en banc); *Young v. City of Augusta, Ga.,* 59 F. 3d 1160, 1170 (11th Cir. 1995). If the movant successfully discharges this initial burden, the burden shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. *Young,* 59 F.3d at 1170. The nonmoving party must do more than rely solely on its pleadings, and simply show that there is some metaphysical doubt as to the material facts. *Matsushita, 475* U.S. at 586-87.  A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Ritch v. Robinson-Humphrey Co.,* 142 F.3d 1391, 1393 (11th Cir. 1998). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods,* 121 F.3d 642, 646 (11th Cir. 1997).  An issue is "material" if it is a legal element of the claim under applicable substantive law, which might affect the outcome of the case. *Anderson, 477* U.S. at *248; Allen,* 121 F.3d at 646. A mere "scintilla" of evidence in favor of the nonmovant, or evidence that is merely colorable or not significantly probative, is not enough to meet this burden.  *Anderson, 47* U.S. at 252; see *Mayfield v. Patterson Pump Co.,* 101 F .3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

Under these standards, courts have "regularly granted summary judgment in copyright cases where it is clear that the plaintiff cannot make out the elements of the claim" of copyright infringement. *Siskind v. Newton-John,* 1987 WL 11701 at *4 (S. D. N. Y. 1987); *see, e .g., CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.,* 97 F .3d 1504, 1517 (1st Cir. 1996 ("courts clearly may determine the question of originality and, in turn, copyrightability so long as they do so in accord with the familiar rules governing summary judgment"); *Magic Marketing, Inc. v. Mailing Services of Pittsburgh, Inc.,* 634 F. Supp. 769, 771 (W .D. Pa. 1986) ("The issue of copyrightability is typically resolved by a motion for summary judgment.... Very often no issues of material fact are in dispute and the only task for the court is to analyze the allegedly copyrightable item in light of applicable copyright law."); *Hoehling v. Universal City Studios, Inc.,* 618 F .2d 972, 977 (2d Cir. 1980) (summary judgment is appropriate in copyright cases "to put `a swift end to meritless litigation' and to avoid lengthy and costly trials.").

**IV.  WASHINGTON IS NOT THE AUTHOR OF THE "DITSY DOTS" WORK.**

In order to show infringement, "a plaintiff must demonstrate ownership of a valid copyright, and copying by the defendant." *Original Appalachian Artworks, Inc. v. The Toy Loft, Inc.*, 684 F.2d 821, 824, 215 USPQ 745 (11th Cir. 1982), Novelty *Textile Mills v. Joan Fabrics Corporation, 558 F.2d 1090, 1092 (2nd Cir. 1977)*.

A work is created when it is fixed in a copy for the first time. *17 U.S.C. ß 201*.  Copyright in a work vests initially in the author. *17 U.S.C. ß 201 (a)*.

> Initial Ownership. Copyright in a work protected under this title vests initially in the author or authors of the work. *17 U.S.C. ß 201(a)*.

Washington has alleged that Ms. Jessica Stetson is the creator of the "ditsy dots" patterned design, that Ms. Stetson was Washington's employee and can thus claim copyright rights for the "ditsy dots" patterned design.  This is false because on May 9, 2005 Ms. Stetson was not employed by Washington.  And Washington knew important fact at all relevant times.

Washington did not create the work nor does it have ownership rights over the work under the "work for hire" provision of the Copyright Act.

> **Works Made for Hire.** In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright. *17 U.S.C. ß 201 (b)*.

To qualify as work made for hire the person who creates the work must be an employee of the legal entity claiming authorship. *17 U.S.C. ß 101*.[2]

Washington has stated, thru Mr. Salonga's Declaration, that Ms. Jessica Stetson is the "creator" of the "ditsy dots" patterned design.

> 4. In 2005, I began working with Washington Shoe Company and with Jessica Stetson, also of Washington Shoe Company, who began the creation of the Ditsy Dots patterned design on Adobe Illustrator Artwork. The design was completed in or around May 2005.[3]

In his Deposition Mr. Salonga testifies as follows:

```
2      Q. Now, in that first sentence you say, "....who began the
3      creation of the Ditsy Dots pattern design on Adobe
4      Illustrator artwork."
5      Who do you refer to by the word "who" in that
6      sentence?
7      A. Jessica Stetson.
8      Q. How do you know that she began the creation of a Ditsy
9      Dots pattern design on Adobe Illustrator artwork?
10     A. Because when I first started here, she showed me the
11     artwork and prints that she created, and one of them
12     being the Ditsy Dots print.[4]

1      Q. Why do you make this statement that "she began the
2      creation of the Ditsy Dots"?
3      A. Because I -- I know that she is the one that created
4      the Ditsy Dots pattern.
5      Q. But you don't have personal knowledge that she created
6      it, do you?
7      MR. McCORMACK: Objection. Argumentative, asked
8      and answered.
9      THE WITNESS: I -- I do.[5]
```

---

[2] The only exceptions to the employer-employee relationship do not apply to works of visual arts nor is there a written agreement in the record between the author and Washington for commissioning the work. *Mister B Textiles, Inc. v. Woodcrest Fabrics, Inc.*, 523 F. Supp. 21, 24 (S.D.N.Y. 1981).

[3] Declaration of Roel Salonga, Par. 4 [D.E. 79-1].

[4] Transcript of the deposition of Salonga, p. 51

[5] Transcript of the deposition of Salonga, p. 52

In response to Olem's subpoena to produce documents to a third party, Nordstrom, the latter has produced a copy of the **"resignation notice"** of Ms. Jessica Stetson signed by her on **May 18, 2005.** Olem's exhibit "1", attached corresponding to a copy of portions of the subpoenaed documents, including her resignation from her employment with Nordstrom, **effective May 20, 2005.** Since Ms. Stetson's resignation was effective <u>after</u> May 9, 2005, Washington obviously cannot claim copyright rights under the "work made for hire" statute. There is no evidence in the record of any assignments.[6]

Washington shoe has been reluctant and elusive in producing evidence to support its alleged copyright rights. For example, during the deposition of Washington's corporate officer in charge of Human Resources[7], it was clearly established that documents showing Ms. Stetson's date of employment exist:

```
5    Q. When did Ms. Jessica Stetson stop being an employee of
6    Washington Shoe Company?
7    A. I do not know.
8    Q. But you know that she is not an employee now?
9    A. She does not receive a W-2. Correct.
10   Q. Does she do any work for Washington Shoe Company now?
11   A. Not that I'm aware of.
12   Q. Do you know if she has done any work for Washington
13   Shoe Company after resigning as an employee of
14   Washington Shoe Company?
15   A. I'm not sure how she left Washington Shoe.
16   Q. Do you know when she was hired?
17   A. Not offhand.
18   Q. You have documents that would show that?
19   A. Of course.
20   Q. Who has custody of those documents?
21   A. They are stored on, I believe, the computer system.
22   Q. Has anyone asked you to produce those documents for
23   this litigation?
```

---

[6] Exhibits "A" in the second amended counter-claim [D.E. 54] and corresponding to the "ditsy dots" copyright certificate Reg. No. VAu 756-950 was marked as "work made for hire". There <u>is no</u> mention of an assignment anywhere. Nor has Olem received any documents purporting to be an "assignment" in response to the Requests for Production of Documents that it has served.

[7] Transcript of the deposition of Karl Moehring, p. 12 (July 16, 2010).

```
24     A. Not that I recall.
25     Q. You don't have them readily available for me today, do

1      you?
2      A. No.⁸
```

Notwithstanding Olem's repeated requests to Washington to support its "work for hire" claim by producing evidence of Ms. Stetson's employment, Washington instead proceeded to further intentionally misrepresent the Court that it had a valid copyright claim. It is clear that Washington was not the employer of the creator of the "ditsy dots" work.  Washington is clearly outside the confines of the "work for hire" exception to the general rule that copyright vests initially in the author.⁹

The transcript of the August 11, 2010 hearing documents this critical factual issue pinned down by the Court.

```
7      THE COURT: Let me stop you there. You would agree if
8      Ditsy Dot was designed by Paul Huck you would not have the
9      right to it?
10     MR. McCORMACK: Correct, Your Honor.
11     THE COURT: I guess the plaintiff would agree that if
12     Jessica Stetson were an employee of Washington Shoe and in the
13     scope of her employment created Ditsy Dot that would be
14     Washington Shoe's copyright or at least would have the
15     opportunity to seek copyright.
16     MR. SANCHELIMA: That's correct.
17     THE COURT: **Seems to me it's pretty straightforward.**
18     **She either was or was not an employee at the time she created**
19     **that.** I can't imagine that is a big issue.
20     MR. McCORMACK: **It's not an issue at all.** He still
21     seems to imply that somehow this Chinese company that created a
22     mylar film, and he used that as his example of evidence, which
23     is an exact reproduction of the digital file created by
24     Roel Salonga in that case, because it's a Zebra, who is an
25     employee of Washington Shoe, no question about that.¹⁰
```

---

⁸ Transcript of the deposition of Karl Moehring, pp. 40-41 (July 16, 2010).
⁹ 17 USC 201(a).
¹⁰ Transcript for hearing on August 11, 2010, p. 23.

Washington's counsel statement "It's not an issue at all" implies that Ms. Stetson was an employee of Washington on the date that the work was created (May 9, 2005). And ascertaining the date of employment is "pretty straightforward", specially after filing pleadings, affidavits, and correspondence dealing with the subject. Yet, to this date Olem has not received any documents from Washington purporting to support its "work for hire" claim.

Olem prays for a judgment in its favor on count I, as it pertains to the above referenced "ditsy dots" patterned design. Olem further requests the imposition of sanctions against Washington and/or its counsel for their deliberate misrepresentations and delays caused. Olem is entitled to restitution of its reasonable attorneys' fees and costs incurred for the unnecessary proceedings undertaken for this portion of count I.

Dated: August 25, 2010               Respectfully submitted,


                                     /s/ Jesus Sanchelima
                                     Jesus Sanchelima, Esq. (Fla. Bar No. 231207)
                                     jesus@sanchelima.com
                                     Sanchelima & Associates, P.A.
                                     235 S.W. Le Jeune Road
                                     Miami, Florida 33134
                                     Telephone No: (305) 447-1617
                                     Facsimile No: (305) 445-8484
                                     Attorneys for Plaintiff [Olem Shoe Corp.]

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Jesus Sanchelima
      Jesus Sanchelima, Esq.

## SERVICE LIST
Olem Shoe Corp. versus Washington Shoe Co.
Case No. 09-23494-cv-Huck/O'Sullivan
United States District Court, Southern District of Florida

| | |
|---|---|
| Tom Manos, Esq. | Timothy B. McCormack, Esq. |
| tmanos@tjmlawfirm.com | tim@mccormacklegal.com |
| Tom J. Manos Law Firm | McCormack Intellectual Property PS |
| 801 Brickell Ave Fl 9 | 617 Lee Street |
| Miami, Florida 33131-2945 | Seattle, Washington 98109 |
| Telephone: 305-341-3100 | Telephone: 206-381-8888 |
| Facsimile: 305-341-3102 | Facsimile: 206.381-1988 |
| Attorneys for Defendant | Attorneys for Defendant |
| Washington Shoe Co. | Washington Shoe Co. |
| Via CM/ECF | Via CM/ECF |