UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23494-CIV-HUCK/O'SULLIVAN

OLEM SHOE CORP.,
a Florida corporation,

Plaintiff,

v.

WASHINGTON SHOE CO.,
a Washington corporation,

Defendant.
_______________________/

**ORDER**

THIS MATTER comes before the Court on Washington Shoe's Motion for Protective Order and for the Immediate Return of Privileged Documents and for Sanctions for Violating an Existing Protective Order (DE# 179, 9/14/10). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Washington Shoe's Motion for Protective Order and for the Immediate Return of Privileged Documents and for Sanctions for Violating an Existing Protective Order (DE# 179, 9/14/10) is **GRANTED in part DENIED in part** for the reasons stated herein.

**INTRODUCTION**

On August 31, 2010, the Court held an informal discovery conference wherein the Court permitted the defendant[1] to file a motion "regarding the relief . . . request[ed] for the alleged refusal of the plaintiff to return . . . purportedly privilege documents." See

[1] Washington Shoe Corporation is also a counter-plaintiff in the instant case. In this Order, the undersigned will refer to Washington Shoe as the "defendant" and Olem Shoe Corporation as the "plaintiff."

Order and Notice of Hearing (DE# 157, 8/31/10). Pursuant to the briefing schedule set by the Court, the defendant filed the instant motion on September 14, 2010. See Washington Shoe's Motion for Protective Order and for the Immediate Return of Privileged Documents and for Sanctions for Violating an Existing Protective Order (DE# 179, 9/14/10) (hereinafter "Motion"). The plaintiff filed its response on September 28, 2010. See Plaintiff's Response in Opposition to Defendant's Motion for Protective Order and Return of Privileged Documents and for Sanctions for Violating an Existing Protective Order (DE# 193, 9/28/10) (hereinafter "Response"). The defendant filed a reply in support of the instant motion on October 5, 2010. See Washington Shoe's Reply to Olem's Response to Washington Shoe's Motion for Protective Order and Return of Privileged Documents and for Sanctions for Violating an Existing Protective Order (DE# 199, 10/5/10) (hereinafter "Reply"). This matter is now ripe for consideration.

**BACKGROUND**

The defendant sent documents to a commercial copy service to be copied and imaged on compact disks. See Motion (DE# 179 at 2, 9/14/10). There were three categories of documents: (1) non-confidential documents; (2) documents labeled "Attorney's Eyes Only" and (3) documents labeled "Attorney-Client Privilege." Id. The defendant "instruct[ed the copy service] to copy the documents and send the first two categories to [the plaintiff] along with a disk containing the digital images of those documents, and return the [A]ttorney-Client Privilege documents to [the defendant] so that a privilege log could be made and submitted to [the plaintiff] under the rules." Id. The copy service inadvertently produced all three categories of documents to the

plaintiff, including the documents labeled "Attorney-Client Privilege." Id.

The plaintiff received these documents on or about May 12, 2010. See Response (DE# 193, 9/28/10). Approximately 20 days later on June 1, 2010, counsel for the plaintiff sent a letter via email to the defendant's paralegal[2] advising him that documents labeled "Attorney-Client Privilege" had been produced and seeking clarification. See Exhibit A (DE# 179-1, 9/14/10). The letter states as follows:

> In reviewing the production we received, it consists of two CDs, we noticed that one of the CDs does not have any confidential notices. It contains trade show material, pictures and pattern graphics. I consider this material to be non-confidential.
>
> The other CD has three pdf files labeled: NON-CONFIDENTIAL, FOR ATTORNEYS EYES ONLY and ATTORNEY-CLIENT PRIVILEGE. The first two I understand to be what they are labeled. The third one, however, I interpret it to be either non-confidential documents for which the attorney-client privilege, if it ever applied, is waived, or that it is a mislabeling error in your provider[']s reproduction. In any event, I ask you to verify this.

Id. (capitalization in original). The defendant's counsel's paralegal did not respond to this letter. The defendant's counsel does not explain why his paralegal failed to immediately notify him of the email from the plaintiff's counsel other than stating that the paralegal "did not know the ramifications of the disclosure." Reply (DE# 199 at 4, 10/5/10).

Approximately eight days later, on July 9, 2010, the assistant to the plaintiff's counsel sent a follow-up letter to the defendant's counsel. See Exhibit B (DE# 179-2, 9/14/10). The letter stated as follows:

Enclosed please find the email communication sent to your office with

---

[2] This letter was not sent to the defendant's counsel.

regard to the discovery documents we have received.

**Please note that to date we have not received a response.**

If you have any questions please do not hesitate to contact our office.

Id. (emphasis added).

That same day, counsel for the defendant sent a letter by mail and email to the plaintiff's counsel which stated that the disclosure of the documents labeled Attorney-Client Privilege had been inadvertent. See Exhibit C (DE# 179-3, 9/14/10). The letter also stated that the plaintiff's counsel had represented to the defendant's counsel during a telephone conference that the plaintiff's counsel had sent the disk to his client. Id. The defendant's counsel concluded the following from this conversation: "I assume this also means that you forwarded the material labeled "ATTORNEYS' EYES ONLY," since the files were on the same disk." Id. The letter further states that the defendant's counsel did not learn of the plaintiff's counsel's email to the defendant's paralegal until July 9, 2010. Id. at 3. The letter also provides the plaintiff's counsel with instructions on returning the inadvertently disclosed documents to the defendant's counsel. Id.

The plaintiff's counsel responded to the defendant's counsel's letter on July 13, 2010. See Exhibit D (DE# 179-4, 9/14/10). The plaintiff's counsel's letter advised the defendant's counsel that his "assumption about [the plaintiff's counsel's] disclosure of the "Attorneys' Eyes Only" [material] is wrong." Id. The plaintiff's counsel's letter also states that the defendant waived any attorney-client privilege that may have attached to the documents and that the defendant failed to provide a privilege log. Id. at 2. The plaintiff's counsel acknowledges that he discussed one of these documents with his client: "I only discussed one document that caught my attention with my client's

representative and only after not receiving an answer to my email from you." Id.

**DISCUSSION**

The defendant seeks the return of the documents marked "Attorney-Client Privilege," the return of the documents marked "Attorney's Eyes Only" and attorney's fees against the plaintiff for violating Fed. R. Civ. P. 26(b)(5)(B). See Motion (DE# 179 at 11, 9/14/10); Reply (DE# 199 at 2, 10/5/10).[3] The defendant does not seek to disqualify the plaintiff's counsel.

Rule 26(b)(5)(B) states in its entirety:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). The defendant argues that the plaintiff's counsel has violated Rule 26(b)(5)(B) because "instead of sequestering the privileged information, [the plaintiff's counsel] disclosed it to his client, and to another attorney." Reply (DE# 199, 10/5/10).[4]

---

[3] The defendant's motion requests an order containing seven steps which the plaintiff should undertake in remedying its exposure to the privileged documents. See Motion (DE# 179 at 8-9, 9/14/10). The undersigned finds that the instant Order sufficiently protects the defendant and that the implementation of these additional steps are unnecessary.

[4] The defendant refers to attorney Bernardo Burstein. Mr. Burstein also represents the plaintiff in the instant case.

Rule 502(b) of the Federal Rules of Evidence states as follows:

> (b) Inadvertent disclosure.--When made in a Federal proceeding . . ., the disclosure does not operate as a waiver in a Federal. . . proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

F.R.E. 502(b). Here, the disclosure of the privileged documents was clearly inadvertent. The defendant sent the documents to a commercial copier service with instructions that the documents labeled "Attorney-Client Privilege" be returned to the defendant. The copier service mistakenly produced the privileged documents to the plaintiff. The undersigned further finds that the defendant under took reasonable steps to prevent disclosure. The defendant had the documents marked "Attorney-Client Privilege" and provided specific instructions to the copier service to return the privileged documents to the defendant. The undersigned also finds that the defendant's counsel, once he learned of the inadvertent disclosure, promptly took reasonable steps to rectify the error. Once the defendant's counsel learned of the disclosure, the defendant's counsel sent the plaintiff a detailed four-page letter by mail and email providing the plaintiff's counsel with instructions on returning the documents.

The undersigned finds no merit in the plaintiff's argument that the defendant has

waived its claim of privilege.[5] The plaintiff complains that the defendant delayed in seeking the return of the privileged documents. See Response (DE# 193, 9/28/10) (stating that "[f]or more than four (4) weeks after being apprised of the situation, [the defendant] did not seek the return of the documents."). However, blame for this delay can be assessed on both parties. The plaintiff's counsel waited approximately 20 days after receiving the documents before sending the email about the privileged documents. The plaintiff's counsel failed to directly notify the defendant's counsel and instead communicated this information to the defendant's paralegal. The undersigned also finds fault in the defendant's counsel and his staff. It is inexcusable that the defendant's paralegal would not have responded to the plaintiff's email and, at the very least, communicated the contents of the email to the defendant's counsel. It seems that the defendant's counsel may have failed to properly supervise his paralegal. Notwithstanding the defendant's delay, the undersigned finds that no waiver of the attorney-client privilege has occurred in the instant case for the reasons stated above. Accordingly, the plaintiff shall immediately return all copies of the privileged documents inadvertently disclosed by the defendant. The plaintiff is prohibited from using the

---

[5] The plaintiff also argues that the defendant waived the attorney-client privilege when it failed to promptly provide the plaintiff with a privilege log. See Response (DE# 193 at 1, 9/28/10). The defendant responds that no privilege log was necessary because the plaintiff already had the actual documents which would have been listed in the privilege log. See Reply (DE# 199 at 8, 10/5/10). On August 31, 2010, the undersigned issued an Order (DE# 157) requiring the defendant to provide a privilege log to the plaintiff by September 7, 2010. See Order (DE# 157, 8/31/10). The defendant has complied with the undersigned's Order and provided the plaintiff with a privilege log. Accordingly, the undersigned finds that the defendant's failure to provide a privilege log prior to September 7, 2010 does not constitute a waiver of the attorney-client privilege.

attorney-client privileged documents at trial. The defendant has failed to establish a basis for requiring the plaintiff to return the documents marked "Attorney's Eyes Only."

The defendant also seeks sanctions against the plaintiff. See Motion (DE# 179 at 1, 9/14/10) (seeking sanctions under the Court's inherent power). The undersigned finds that sanctions are not warranted under the Court's inherent power or under Rule 37 of the Federal Rules of Civil Procedure. "The key to unlocking [the] court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). As the movant, the defendant has the burden of establishing by clear and convincing evidence that the plaintiff acted in bad faith. "A party demonstrates bad faith by, inter alia, delaying or disrupting the litigation or hampering enforcement of a court order." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009). Here, the defendant has failed to show that the plaintiff possessed the requisite bad faith. Similarly, the defendant has failed to show that he is entitled to sanctions pursuant to Rule 37(b)(2)(A). See Motion (DE# 179 at 9-10, 9/14/10). The defendant's request for sanctions is unjustified under the circumstances of this case. Accordingly, the defendant's request for sanctions is **DENIED**.

## CONCLUSION

Based on the foregoing, Washington Shoe's Motion for Protective Order and for the Immediate Return of Privileged Documents and for Sanctions for Violating an Existing Protective Order (DE# 179, 9/14/10) is **GRANTED in part and DENIED in part**. The plaintiff shall immediately return the documents marked "Attorney-Client

Privilege" to the defendant. The plaintiff is prohibited from using the inadvertently disclosed privileged documents at trial.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **8th** day of October, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record