**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-23494-CIV-HUCK/BANDSTRA**

OLEM SHOE CORP.,

    Plaintiff / Counter-Defendant,

v.

WASHINGTON SHOE CO.,

    Defendant / Counter-Plaintiff.

_____/

### ORDER ON SUPPLEMENTAL CROSS-MOTIONS FOR SUMMARY JUDGMENT

On December 1, 2011, this Court, *inter alia*, granted summary judgment in favor of Defendant/Counter-Plaintiff Washington Shoe Co. ("Washington Shoe") and denied summary judgment with respect to Plaintiff/Counter-Defendant Olem Shoe Corp. ("Olem Shoe") on the copyright infringement claims addressed therein, except with respect to the new invalidity issues that Olem Shoe asserted against the Rose Zebra Supreme copyright (Registration No. VAu988-278) in its affirmative defenses filed on November 11, 2011 (D.E. #385).[1] *See* ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT, D.E. #396. This Court already found that "an infringement of the derivative work, Zebra Supreme, is also necessarily an infringement of the parent work, Rose Zebra Supreme if Rose Zebra Supreme is found to be valid."[2] *See id.* at

---

[1] On October 31, 2011, the copyright registration for Rose Zebra Supreme was cancelled by the U.S. Copyright Office and re-registered as a published design with registration number VA 1-792-044 with an effective date of August 9, 2007. *See* D.E. #390-1, Decl. of William Briganti, ¶11. This Court finds that the Copyright Office's decision to cancel and replace Reg. No. VAu988-278 with Reg. No. VA 1-792-044 is analogous to amending, but not replacing, the registrations for Zebra Supreme and Ditsy Dots. *See* 37 C.F.R. 201.7(a) ("Cancellation is an action taken by the Copyright Office whereby either the registration is eliminated on the ground that the registration is invalid under the applicable law and regulations, *or the registration number is eliminated and a new registration is made under a different class and number*" (emphasis added)). Thus, the new registration for Rose Zebra Supreme continues to support this infringement action.

[2] The Court found that Washington Shoe established the second element of copyright infringement (copying) as a matter of law, but withheld deciding whether the first element (valid copyright) was established as a matter of law. *See* D.E. 396 ("To establish copyright

1

30. Together with this ruling, the Court, *sua sponte*, granted the parties leave to file supplemental motions for summary judgment seeking to resolve the new invalidity issues that the Court had not yet addressed. *See* D.E. #395. As a result, the parties each filed supplemental cross-motions for summary judgment to achieve this purpose. *See* D.E. #398 and 400. Responses and replies have been filed and these supplemental motions are now ripe for adjudication. *See* D.E. #404, 406, 409 and 410.[3] Since the parties' cross-motions for summary judgment present significantly overlapping issues, the Court will analyze the motions in tandem addressing the following two questions: (1) is the Rose Zebra Supreme copyright valid and thus infringed? (2) if so, are damages available for such infringement?

## I.     Is the Rose Zebra Supreme copyright valid and thus infringed?[4]

Ownership of a valid copyright comprises two elements: originality and compliance with the Copyright Act's statutory formalities. *Bateman v. Mneumoncis, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996). In addition, a copyright's certificate of registration can be invalidated if two conditions are met: "inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and . . . the inaccuracy of information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b). To the extent Olem Shoe alleges that Washington Shoe included inaccurate information in its application for Rose Zebra Supreme that it knew was inaccurate, this Court is obligated to request that the Register advise it as to whether the inaccurate information, if known, would have caused the Register to refuse registration. *See id.;* D.E. #396 at 10. The Register, however, has previously advised the Court with regard to Washington Shoe's Zebra Supreme and Ditsy Dots copyrights that where the Court "concludes that the bare allegations are unsupported by any

---

infringement, Washington Shoe must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Baby Buddies, Inc. v. Toys "R" US, Inc.* 611 F.3d 1308, 1315 (11th Cir. 2010) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

[3] For additional background, *see* D.E. #396.
[4] For a statement of the standard of review on summary judgment, *see* D.E. #396.

facts, the [C]ourt would be free to refrain from issuing requests to the Register." D.E. #209 at 11.[5]

It is undisputed that Rose Zebra Supreme is a registered copyright. Such registration creates a presumption that the copyright is valid. 17 U.S.C. 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"); *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999). Such presumption thereby shifts the burden to Olem Shoe to prove invalidity. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 683 F.2d 821 (11th Cir. 1982) (production of certificate of copyright registration shifts the burden of proof to defendant to prove invalidity). This Court has already found that the Rose Zebra Supreme copyright registration is presumed valid and that Olem Shoe therefore bears the burden of proving invalidity. *See* D.E. #396 at 15. In this case, the U.S. Copyright Office recently re-registered the Rose Zebra Supreme copyright.[6] Olem Shoe's theory is that the Copyright Office re-registered the Rose Zebra Supreme copyright without knowledge of purported inaccuracies and statutory compliance failures. The evidence for this theory, however, is based primarily on information derived directly from the declaration and exhibits of

---

[5] On September 3, 2010, the Court agreed to submit three questions to the Register of Copyrights concerning alleged inaccuracies in the copyright applications for Washington Shoe's Zebra Supreme and Ditsy Dots copyright registrations. In its RESPONSE OF THE REGISTER OF COPYRIGHTS TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2), D.E. #209, the Register offered insight into the intent of 17 U.S.C. § 411(b)(2), which normally requires the Court to seek an advisory opinion of the Register regarding whether the Register would refuse a copyright registration. The Register stressed that the amended provision was meant "to ensure that no court holds that a certificate is invalid due to what it considers to be a misstatement on an application without first obtaining the input of the Register as to whether the application was properly filed or, in the words of § 411(b)(2), 'whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.'" *Id.* at 11 The Register indicated, however, that "if a court concludes that the bare allegations are unsupported by any facts, the court would be free to refrain from issuing requests to the Register." *Id.* Here, the Court makes such a finding. For additional background, this Court previously analyzed 17 U.S.C. § 411(b) at length in this Court's ORDER ON MOTION FOR ISSUANCE OF REQUEST TO REGISTER OF COPYRIGHTS, *Olem Shoe Corp. v. Washington Shoe Co.*, 2010 WL 3505100, (S.D. Fla. Sept. 3, 2010), REQUEST TO THE REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2), D.E. #168 (S.D. Fla. Sept. 3, 2010) and ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT, D.E. #396.

[6] *See supra* note 1.

William Briganti, Assistant Chief of the Visual Arts Division of the United States Copyright Office, D.E. #390-1. Such evidence is merely conclusory and speculative. The Register undoubtedly had an opportunity to consider this information and refuse registration accordingly, but it did not do so. Having considered the cross-motions and the documentary submissions of the parties' related thereto, this Court now finds that Olem Shoe has failed to offer competent and admissible evidence to overcome the presumption that Rose Zebra Supreme is valid. Since the Court finds that the bare allegations made by Olem Shoe are not supported by the evidence presented, this Court finds that the Rose Zebra Supreme copyright is valid. Since, this Court already found that "an infringement of the derivative work, Zebra Supreme, is also necessarily an infringement of the parent work, Rose Zebra Supreme if Rose Zebra Supreme is found to be valid," *see* D.E. #396 at 30, this Court now finds that Olem Shoe has infringed Washington Shoe's Rose Zebra Supreme copyright as a matter of law.

## II. Are Damages Available?

Having found that Olem Shoe infringed Washington Shoe's Rose Zebra Supreme copyright, the next question the Court addresses is whether damages are available for this infringement. The parties both agree that the remedy for an infringement of Rose Zebra Supreme is governed by 17 U.S.C. § 504. Under this statute, Washington Shoe, as the copyright owner, is entitled to recover actual damages "as a result of such infringement" and Olem's profits that are "attributable to the infringement." See 17 U.S.C. § 504(b). Alternatively, instead of actual damages and profits, Washington Shoe may elect to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work." 17 U.S.C. § 504(c).[7]

### A. Actual Damages

For purposes of the actual damages analysis, Washington Shoe must show actual damages under 17 U.S.C. § 504(b) "as a result of the infringement" of Rose Zebra Supreme and profits "attributable to the infringement" of Rose Zebra Supreme. Likewise, it would have to

---

[7] In light of the hearing held on January 3, 2012 during which Washington Shoe first introduced a new theory of actual damages/profits, this Court withholds from deciding whether actual damages/profits, if elected, are available and only considers in this order whether statutory damages, if elected, are available to Washington Shoe.

4

separately make such a showing with respect to Zebra Supreme. Washington Shoe concedes that it is unable to separate damages and profits as a result of or attributable to Rose Zebra Supreme from those resulting from or attributable to Zebra Supreme since its figures refer generically to the "zebra design." D.E. #406 at 9. This is because, as Washington Shoe acknowledges, Olem Shoe "never manufactured, sold or distributed a boot or other product bearing the 'Rose Zebra Supreme' design, or any design with flowers appearing on top of zebrastripes [sic]."[8] Washington Shoe, moreover, admits that Olem's "zebra boot includes the exact zebra stripe pattern, sans flowers, as the Zebra Supreme design, which is a derivative work of the Rose Zebra design." D.E. #406. Thus there are no separate actual damages flowing from the sale of boots with the Rose Zebra Supreme design. Washington Shoe does not allege nor offer evidence of actual damages or profits arising separately from Rose Zebra Supreme that do not also arise from Zebra Supreme. Since Washington Shoe itself cannot separate the two designs for purposes of the actual damages/profits analysis, it cannot show actual damages/profits as a result of or attributable to an infringement of Rose Zebra Supreme independently. Rather, it only shows actual damages/profits arising inseparably from the infringement of both Rose Zebra Supreme and Zebra Supreme together resulting from Olem Shoe's sale of "Zebra Supreme" design boots.

   B.  *Statutory Damages*

Washington Shoe may elect to "recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, <u>with respect to any one work</u> (emphasis added)." 17 U.S.C. § 504(c).

Washington Shoe urges the Court to treat the Rose Zebra Supreme and Zebra Supreme copyrights as separate works giving rise to separate statutory damages for the sale of a boot using the Zebra Supreme design. Washington Shoe contends that, since a sale of one Zebra Supreme boot would infringe both the derivative Zebra Supreme and the parent Rose Zebra Supreme copyrights simultaneously, one infringing boot would give rise to two separate awards of

---

[8] OLEM SHOE CORP.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT, D.E. #399, ¶18; *see also* DEFENDANT / COUNTER-PLAINTIFF WASHINGTON SHOE COMPANY'S RESPONSE TO OLEM'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT, D.E. #405, ¶¶1, 2 and 18.

damages.  The Court rejects Washington Shoe's statutory damages theory.  The Court may not award separate statutory damages for separate infringements of Zebra Supreme and Rose Zebra Supreme if it finds that the two designs are "one work" for these purposes.

Moreover, this Court finds that § 504(c) clearly dictates that derivative and parent works, such as the Zebra Supreme and Rose Zebra Supreme copyrights, should be treated as one work for these purposes.  Section 504(c) explicitly states that "[f]or the purposes of this subsection, all the parts of a compilation or derivative work constitute one work."  Since Washington Shoe concedes that Zebra Supreme is a derivative work of Rose Zebra Supreme, the statute appears to require that such derivative work and its parent work be treated as one work.

Two non-binding district court opinions support the Court's interpretation.  In *Clever Clovers Inc. v. Southwest Florida Storm Defense, LLC*, 554 F. Supp. 2d 1303 (M.D. Fla. 2008), the plaintiff conceded that one copyright registration could "be construed as a continuation or update of" a second copyright registration.  *Clever Clovers, Inc.*, 554 F. Supp. 2d at 1310-11.  As a result, the Court found that "infringement of those registered works should be considered as one work for purposes of calculating statutory damages." *Id.*  While the opinion offers no detail as to why the second work was an update of the first, it would appear that the two works were treated as one because the second derived from the first under the explicit statutory language of § 504(c).  In our case, there appears to be an even stronger argument for treating Zebra Supreme and Rose Zebra Supreme as one work since a "derivative work," as contemplated by the statute, is explicitly at issue.  *Clever Clovers* would thus suggest that the two designs should be deemed to be one work under the statutory damages analysis.

*Data General Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 504 (D. Mass. 1992) also offers instructive guidance.  *Data General* concerned the infringement of copyrighted software and its subsequent revisions, "each new version being derived from the prior version."  Since the defendant allegedly used various versions of the software before and after the effective date of its copyright registration, the issue in *Data General* was whether the defendant would be shielded from liability for statutory damages for use of the later versions of the software that occurred after the effective date of registration, even though it would not have liability for use of the software before the effective date.  The district court held that the later revisions of the software were derivative of the original software and thus related the subsequent revisions back to the use of the original software (treating them as one) and awarded no statutory damages to

6

the plaintiff. In the instant case, the infringement of the Rose Zebra Supreme design was based on the infringement of its derivative work Zebra Supreme.  Just as *Data General* treated the derivative work as part of the parent work for purposes of determining statutory damages, this Court similarly treats the derivative work (Zebra Supreme) as part of the parent work (Rose Zebra Supreme).  This suggests that any award of statutory damages for the infringement of the two designs must treat them as one work.  Tellingly, Washington Shoe cites no case law suggesting that Rose Zebra Supreme and Zebra Supreme should be treated as separate works under § 504(c).

Accordingly, under the statutory damages analysis, Rose Zebra Supreme and Zebra Supreme should be treated as one work.  Thus, to the extent statutory damages are elected by Washington Shoe and found with respect to an infringement of Zebra Supreme, no additional damages will be independently attributed to an infringement of Rose Zebra Supreme for the sale by Olem Shoe of boots using the Zebra Supreme design.

**Conclusion**

For all of the foregoing reasons, the Court GRANTS summary judgment in favor of Washington Shoe and denies summary judgment with respect to Olem Shoe on the infringement of the Rose Zebra Supreme copyright but finds no separate statutory damages are available to Washington Shoe on account thereof.  The Court does not consider whether actual damages, if elected, may be available.  Having resolved the liability issues, this case will proceed to trial only on the issue of actual damages if elected by Washington Shoe.

DONE in Chambers, Miami, Florida this 5th day of January, 2012.

                                          _____
                                          Paul C. Huck
                                          United States District Judge

Copies furnished to:
Counsel of Record