UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-23494-CIV-HUCK/BANDSTRA

OLEM SHOE CORP.,

    Plaintiff/Counter-Defendant,

v.

WASHINGTON SHOE CO.,

    Defendant/Counter-Plaintiff

_____/

## COURT'S INSTRUCTIONS TO THE JURY

*[signature]*

Paul C. Huck
United States District Judge

Date: January 13, 2012

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions—what we call your deliberations.

### CONSIDERATION OF THE EVIDENCE
### DUTY TO FOLLOW INSTRUCTIONS
### CORPORATE PARTY INVOLVED

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and

reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a

3

good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES
## INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

4

## BURDEN OF PROOF
## WHEN ONLY PLAINTIFF HAS BURDEN OF PROOF

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim. The same principal applies to any matter to which the Defendant has the burden of proof.

## DUTY TO DELIBERATE
## WHEN ONLY PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## DAMAGES

Washington Shoe's damages are intended to compensate it as a copyright owner for losses due to Olem Shoe's infringement. Those damages may be attributed to either, but not both of:

(1) profit which Olem Shoe earned on the sale of the infringing boots; or

(2) any profits Washington Shoe may have lost due to Olem Shoe's infringement.

In other words, if Olem Shoe's profits have been accounted for in the award of damages based on Washington Shoe's lost profits, to avoid double recovery, a separate award of Olem Shoe's profits should not be made and vica versa.

## OLEM SHOE'S PROFITS

In establishing the amount of Olem Shoe's profits, Washington Shoe is required to present proof only of Olem Shoe's gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement. Once these two elements are established, the burden of proof then shifts to Olem Shoe to reduce this amount. Olem Shoe must then prove, by a preponderance of evidence, the amount of its deductible expenses, and other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to Olem Shoe's sale of its infringing boots, which will be Olem Shoe's gross revenues proven by Washington Shoe, less the costs and other elements that Olem Shoe proves are related to factors other than infringement. Such costs and other deductible amounts may include, for example, a reasonable portion of overhead expenses such as rent, marketing, and other business costs that are related to the production of the infringing product.

## WASHINGTON SHOE'S LOST PROFITS

In establishing the amount of Washington Shoe's profits, Washington Shoe is required to present not only Washington Shoe's gross revenues but also the amount of its deductible expenses and that there is some reasonable relationship, either direct or indirect, between those lost revenues and the infringement. Once these elements are established by Washington Shoe, the burden of proof then shifts to Olem Shoe to reduce this amount. Olem Shoe must then prove, by a preponderance of the evidence, other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to the profit Washington Shoe would have earned but for the sale of the infringing boots by Olem Shoe. Then Olem Shoe needs to prove by a preponderance of the evidence any elements related to factors to be deducted from Washington Shoe's profits.

## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

1

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.