UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23494-CIV-HUCK/O'SULLIVAN

OLEM SHOE CORP.,
a Florida corporation,
    Plaintiff,

v.

WASHINGTON SHOE CO.,
a Washington corporation,
    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on Olem Shoe Corp.'s Motion for Relief from Judgment and Motion for Sanctions Pursuant to Fed. R. Civ. P. 56(h) & the Court's Inherent Power (DE# 525, 10/30/12). This case is presently pending before the United States Court of Appeals for the Eleventh Circuit. See Washington Shoe Company's Notice of Appeal (DE# 452, 3/1/12); Olem Shoe Corp.'s Notice of Cross-Appeal (DE# 456, 3/8/12). "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal . . . [but] does not prevent the district court from taking action in furtherance of the appeal . . . [or] from entertaining motions on matters collateral to those at issue on appeal." Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (citations and internal quotation marks omitted); The undersigned has reviewed the instant motion and the relevant documents related to the instant motion and notes that there appears to be significant overlap between issues before this Court and those raised on appeal before the Eleventh Circuit and that the rulings made by the Eleventh Circuit may affect this Court's disposition of the instant motion and vice versa. See Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.,

906 F.2d 1059, 1063 (5th Cir.1990) (stating that "[w]hen one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.")[1] (citations and internal quotation marks omitted). Neither party has addressed the issue of jurisdiction in their filings before this Court. Accordingly, it is

ORDERED AND ADJUDGED that on or before **Thursday, February 14, 2013**, the plaintiff shall file a memorandum of law addressing: (1) why the District Court has jurisdiction to hear the matters raised in Olem Shoe Corp.'s Motion for Relief from Judgment and Motion for Sanctions Pursuant to Fed. R. Civ. P. 56(h) & the Court's Inherent Power (DE# 525, 10/30/12) and (2) even if this Court has jurisdiction to hear the instant motion, the memorandum should address why, in the interest of judicial economy, the undersigned should not recommend that a stay be issued pending the outcome of the appeal. If the defendant disagrees with the position taken by the plaintiff in its memorandum of law, the defendant shall file a response on or before **Monday, February 25, 2013**. A reply memorandum may be filed no later than **Thursday, March 7, 2013**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **28th** day of January, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record

---

[1] The appeal in the instant case is not an interlocutory appeal. Nonetheless, the principles underlying the Dayton case apply here.