UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23494-CIV-HUCK/OTAZO-REYES

OLEM SHOE CORP.,
a Florida corporation,

       Plaintiff/Counter-Defendant,

v.

WASHINGTON SHOE CO.,
a Washington corporation,

       Defendant/Counter-Plaintiff.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Defendant/Counter-Plaintiff, Washington Shoe Co.'s ("Washington Shoe['s]"), Motion for Attorneys' Fees and Costs ("Washington Shoe's Motion") [D.E. 457] and the Plaintiff/Counter-Defendant, Olem Shoe Corp.'s ("Olem Shoe['s]"), Verified Motion for Attorney's Fees and Costs ("Olem Shoe's Motion") [D.E. 488] (together, the "Motions"). Pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida, the Court referred the Motions to Magistrate Judge Alicia M. Otazo-Reyes on December 21, 2015. [D.E. 602]. On May 1, 2017, Magistrate Judge Otazo-Reyes issued a Report and Recommendation (the "Report"), in which she recommends that the Motions be denied. [D.E. 604]. On May 15, 2017, Olem Shoe filed objections to the Report [D.E. 605], and Washington Shoe responded to those objections on May 30, 2017 [D.E. 611]. After an extension of time [D.E. 612], Washington Shoe filed its own objections to the Report on June 14, 2017. [D.E. 613]. The Court has independently reviewed the Motions, the Report, the parties' objections, pertinent portions of the record, and applicable law. For the reasons that follow, the Court ADOPTS AND APPROVES Magistrate Judge

Otazo-Reyes's Report and Recommendation [D.E. 604] and OVERRULES the parties' objections [D.E. 605, 613].   Accordingly, Washington Shoe's Motion [D.E. 457] and Olem Shoe's Motion [D.E. 488] are DENIED.

**I.**   **Washington Shoe's Motion for Attorneys' Fees & Costs**

The Court agrees with Magistrate Judge Otazo-Reyes's determination that Washington Shoe is not entitled to attorneys' fees and costs pursuant to Section 505 of the Copyright Act. Under Section 505, a court has discretion to "award a reasonable attorney's fee to the prevailing party as part of the costs" for copyright infringement. 17 U.S.C. § 505.  In *Fogerty v. Fantasy, Inc.*, the United States Supreme Court listed certain factors that courts may consider in exercising their discretion. *See* 510 U.S. 517, 534 n.19 (1994).  The "*Fogerty* factors," as they are referred to, include i) frivolousness, ii) motivation, iii) objective unreasonableness, and iv) the need to advance considerations of compensation and deterrence. *Id.*   However, the factors are not exclusive; the text of the Copyright Act "clearly connotes discretion" and eschews any "precise rule or formula." *Id.*

    A.   Washington Shoe is the prevailing party under the Copyright Act

Olem Shoe claims, as an initial matter, that Washington Shoe is not the prevailing party. However, as Magistrate Judge Otazo-Reyes correctly observed, the Court granted summary judgment in Washington Shoe's favor on each of its copyright claims, and Washington Shoe received a jury award of $27,395.40 in damages.  Because Washington Shoe "succeed[ed] on a significant litigated issue" and "achieve[d] some of the benefits sought," it is the prevailing party. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990).

B.  Section 412 of the Copyright Act does not bar Washington Shoe's recovery

Olem Shoe also claims that Section 412 of the Copyright Act precludes Washington Shoe from recovering fees.  Section 412 bars attorney's fees for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.  However, for the reasons set forth in great detail by Magistrate Judge John J. O'Sullivan in his Report and Recommendation on Washington Shoe's Motion for Appellate Fees — and as outlined again in the Report by Magistrate Judge Otazo-Reyes — Section 412 does not bar Washington Shoe from seeking attorney's fees because Olem Shoe's infringing activity of March 2009 began *after* the effective dates of registration for the Ditsy Dots, Rose Zebra Supreme, and Zebra Supreme designs. [D.E. 592 at 21–32].  It is therefore appropriate for the Court to consider whether a fee award is warranted under the *Fogerty* factors.

C.  Application of the *Fogerty* factors

1.  *Olem Shoe's position was not frivolous*

Although Washington Shoe argues that the positions advanced by Olem Shoe were frivolous [D.E. 457 at 7], the Court agrees with Magistrate Judge Otazo-Reyes that this assertion is unfounded.  "A claim is frivolous if it is without arguable merit in either law or fact." *Davis v. Tampa Bay Arena, Ltd.,* No. 12-00060-CIV, 2013 WL 4457408, at *2 (M.D. Fla. Aug, 16, 2013) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).  But as the Court previously explained in its Order on Cross-Motions for Summary Judgment, in light of the issues with Washington Shoe's copyright registrations, as well as Washington Shoe's failure to provide Olem Shoe with important information about the validity of the copyrights in its cease and desist

3

letters, Olem Shoe "*could reasonably and in good faith have believed*" that it did not infringe on Washington Shoe's copyrights. [D.E. 396 at 38–39 (emphasis added)].   The Court has considered the other positions taken by Olem Shoe throughout the course of this action [D.E. 613 at 6], but they do not change the Court's conclusion.

### 2.   *Olem Shoe's motivation was not improper*

The Court also agrees with Magistrate Judge Otazo-Reyes's finding that Olem Shoe did not litigate this action in bad faith.   Washington Shoe argues that Olem Shoe conducted this litigation in a manner calculated to "damage [its] competitor," noting that Olem Shoe "made every attempt to complicate a straightforward infringement case by questioning every piece of the copyright registrations, which were ultimately valid and enforceable." [D.E. 457 at 9–11]. However, as noted above, the Court found that Olem Shoe *reasonably* believed it was not infringing on Washington Shoe's copyrights, and that Olem Shoe's infringing activity was *not willful*; Washington Shoe did not offer probative evidence that Olem Shoe knew its conduct constituted copyright infringement or recklessly disregard the possibility. [*See* D.E. 396 at 38–39].   The Court's findings are supported by the fact that Olem Shoe canceled shipments and halted selling the designs as a precautionary measure.   And given that there were, in fact, problems with the Ditsy Dots and Zebra Supreme registrations that led Washington Shoe to seek supplementary registrations, Olem Shoe's focus on the validity of the copyrights during litigation can hardly be seen as evidence of an improper motivation.   Olem Shoe's overall conduct in the course of this action does not compel a different conclusion.

### 3.   *Olem Shoe took positions that were objectively unreasonable*

Washington Shoe argues that Olem Shoe's positions were objectively unreasonable because they were based on a "fundamental misunderstanding of copyright law." [D.E. 457 at 7–

4

9].  The Court agrees with Magistrate Judge Otazo-Reyes that there is some truth to this claim, as certain defenses lacked either a factual or legal basis.  In rejecting Olem Shoe's "affixer theory," for example, the Court explained that under Olem Shoe's argument "artists would lose the rights to their works unless they utilized their own manufacturing facilities to turn their works into end-use products." [DE 167 at 7].

### 4.   *Considerations of compensation and deterrence do not favor a fee award*

This factor turns on whether awarding attorney's fees would further the goals of the Copyright Act. *See Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245–46 (S.D. Fla. 2008).  Such goals include encouraging the assertion of colorable copyright claims, deterring infringement, and making copyright owners whole. *See Fogerty*, 510 U.S. 525–26.  Courts resolve this inquiry by examining their findings with regard to frivolousness, motivation, and objective unreasonableness. *See Klein & Heuchan, Inc. v. CoStar Realty Info., Inc.*, No. 08-01227-CIV, 2011 WL 6097980, at *6 (M.D. Fla. Dec. 7, 2011); *see also Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015).

Balancing the factors, the Court agrees with Magistrate Judge Otazo-Reyes that Washington Shoe is not entitled to an attorney's fee award in this case.  Washington Shoe objects, in part by arguing that the Court's determinations as to frivolousness and objective unreasonableness are in conflict.  [D.E. 613 at 3–4].  The Court acknowledges that these factors overlap, and that some of the same questions are relevant to each inquiry.  The Court's analysis with regard to these factors focuses on different arguments advanced by Olem Shoe.  But considering the totality of the circumstances in this case, to the extent Olem Shoe advanced positions that were unreasonable, those positions simply do not justify awarding fees to Washington Shoe.  This is true even after giving "substantial weight" to the reasonableness

factor, as is appropriate in light of the United States Supreme Court's recent holding in *Kirtsaeng v. John Wiley & Sons, Inc. See* 136 S. Ct. 1979, 1985–88 (2016) (holding that courts should give "substantial weight" to the reasonableness factor, but elaborating that that factor "can be only an important factor in assessing fee applications — not the controlling one," and explaining that "in any given case a court may award fees even though the losing party offered reasonable arguments (*or, conversely, deny fees even though the losing party made unreasonable ones*)") (emphasis added).

## II. Olem Shoe's Motion for Attorney's Fees and Costs

The Court agrees with Magistrate Judge Otazo-Reyes's determination that Olem Shoe is not entitled to attorney's fees and costs under the Lanham Act, the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), or 28 U.S.C. § 1927.

### A. Olem Shoe is not entitled to fees under the Lanham Act

The Lanham Act provides that in "exceptional cases" a court may award reasonable attorney's fees to the prevailing party. *See* 15 U.S.C. § 1117.  The Eleventh Circuit has defined "exceptional cases" under the Lanham Act as those "that can be characterized as malicious, fraudulent, deliberate and willful, or [those] in which evidence of fraud or bad faith exists." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (citations and quotation marks omitted).  Interpreting identical language in the Patent Act, however, the United States Supreme Court subsequently held that an "exceptional case" is one that, under the totality of the circumstances, "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

Olem Shoe is not entitled to attorney's fees and costs under either standard.  For one, the record does not indicate that Washington Shoe acted in bad faith or brought this case for an improper purpose; in fact, the Court previously found that it did not. [*See* D.E. 576 at 30 (explaining that Washington Shoe's conduct "falls short of the bad faith required to impose sanctions under the Court's inherent powers")].   Nor does the totality of the circumstances warrant a determination that this case was exceptional.  For example, although Washington Shoe did not meet its burden of establishing secondary meaning, its claims were at least colorable. *See Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 13-01732-CIV, 2015 WL 4887550, at *2–3 (M.D. Fla. Aug. 17, 2015).

### B.  Olem Shoe is not entitled to fees under FDUPTA

To recover attorney's fees under Section 501.2105 of FDUPTA a party must recover (1) judgment on its FDUPTA claim; *and* (2) a net judgment in the entire case. *See CrossPointe, LLC v. Integrated Computing, Inc.*, No. 03-00558-CIV, 2007 WL 1192021, *4 (M.D. Fla. Apr. 20, 2007).   The Court finds that Olem Shoe is not entitled to attorney's fees under this section because, as Magistrate Judge Otazo-Reyes correctly pointed out, although the Court granted summary judgment in favor of Olem Shoe on Washington Shoe's FDUPTA claim for unfair competition, Washington Shoe prevailed on its copyright infringement claim.   Olem Shoe therefore did not recover a net judgment in this case.  Further, Washington Shoe did not exert any additional effort in defending the case because of the FDUPTA claim because, as Olem Shoe has itself acknowledged [D.E. 488 at 10], the FDUPTA claim was inextricable from the trade dress infringement and copyright claims.

C.  Olem Shoe is not entitled to fees under 28 U.S.C. § 1927

To recover fees under § 1927, a party must show (1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 785–86 (11th Cir. 2006) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). With regard to the first requirement, unreasonable and vexatious conduct is conduct "so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).  Olem Shoe is therefore not entitled to attorney's fees under this section because, as previously discussed, the Court finds Washington Shoe did not engage in bad faith.

## Conclusion

The Court finds that Magistrate Judge Otazo-Reyes correctly analyzed the operative facts and applicable law.  Therefore, for the reasons stated herein it is hereby

**ORDERED AND ADJUDGED** that

1. Magistrate Judge Otazo-Reyes' Report and Recommendation [D.E. 604] is **ADOPTED AND APPROVED,** and Washington Shoe's objections [D.E. 613] and Olem Shoe's objections [D.E. 605] are **OVERRULED**.

2. Washington Shoe's Motion for Attorneys' Fees and Costs [D.E. 457] and Olem Shoe's Motion for Attorney's Fees and Costs [D.E. 488] are **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on June 28, 2017.

Paul C. Huck
United States District Judge

8

Copies furnished to:

Magistrate Judge Alicia M. Otazo-Reyes

All Counsel of Record